# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURWINDER SINGH (A-No. 246-073-974),<br><br>            Petitioner,<br><br>v.<br><br>ANDREWS, et al.,<br><br>            Respondents. | Case No. 1:26-cv-05073-JLT-FJS<br><br>ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2) |

## I.    INTRODUCTION

Before the Court is Gurwinder Singh's motion for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 7 at 2–3.)  For the reasons set forth below the Court, **GRANTS IN PART** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Neither party requests a hearing and both parties indicate they are amendable to a ruling on the underlying petition without further briefing. (Doc. 7 at 1; Doc. 8 at 9.) As such, the Court decides this case on the underlying habeas petition.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    FACTUAL BACKGROUND

Petitioner is a citizen of India who entered the Unites States on or about November 14, 2022, when he was encountered by immigration officials. (Doc. 1 at 1–2.) On November 19, 2022, DHS issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i) and released him on an Order of Release on Recognizance. (*Id*.; Doc. 1-3 at 2; Doc. 1-4 at 2.) One of his conditions of release was that he "not violate any local, State, or Federal laws or ordinances." (Doc. 1-4 at 2.) Petitioner has a pending asylum application and is not subject to a final order of removal.[2] (*See* Doc. 1 at 2.) Petitioner also has a valid work authorization. (*Id*.; *see also* Doc. 7-1 at 2.)

On June 27, 2026, Petitioner was arrested for driving under the influence of alcohol. (Doc. 7-1 at 2.) Local police booked him into the Fresno County Jail and uploaded his fingerprints onto state and federal law enforcement databases. (*Id*.) Upon biometric confirmation of Petitioner's criminal and immigration history, local police contacted ICE. (*Id*.) Petitioner was subsequently transferred into ICE custody and placed in detention at Golden State Annex, where he remains. (Doc. 1 at 4; Doc. 8 at 2.)

According to Petitioner's Record of Arrests and Prosecutions ("RAP Sheet"), Petitioner was also arrested on July 11, 2024, for assault with a deadly weapon under Cal. Pen. Code § 245(a)(1). (Doc. 7-2 at 4.) As for Petitioner's DUI arrest, Respondents claim that charges are

---

[2]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case is currently pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 12, 2026).

pending. (Doc. 9 at 1.) As for Petitioner's arrest for assault, charges were never formally filed as the Prosecutor failed to file a criminal complaint. (*See* Doc. 8-1 at 1; Doc. 10 at 2.)

## IV.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 2–3.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id*.) Respondents make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's recent encounter with ICE based on his DUI arrest indicates he is now a danger to the community such that re-detention without an advance pre-deprivation hearing was justified. (Doc. 7 at 3–4.) Although Petitioner's DUI arrest has not yet resulted in a conviction, and while Petitioner's arrest for assault did not render formal charges, this Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report. That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the

public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision.

For the foregoing reasons, the Court **ORDERS**:

1.     The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2.     The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.

3.     **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

4.     At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.     The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

///

///

///

///

6.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  July 13, 2026

_____
UNITED STATES DISTRICT JUDGE