**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURWINDER SINGH,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | Case No. 1:26-cv-05073-JLT-FJS<br>A-Number: 246-073-974<br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGEMENT<br>(Docs. 14, 19.) |

On July 13, 2026, this Court entered judgment on Gurwinder Singh's petition for a writ of habeas corpus. (Doc. 11.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents are to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id*. at 4.) On July 22, 2026, a bond hearing was held pursuant to this Court's order. (Doc. 14 at 6.) On August 10, 2026, Petitioner filed a motion to enforce the Court's judgment, seeking an order requiring his immediate release or, in the alternative, a new bond hearing. (*Id*. at 13.) Respondents did not substantively oppose the motion but submitted to the Court the audio of the July 22, 2026, bond hearing. (Doc. 16, Digital Audio Recording "DAR".) For the reasons set forth below, the motion is **DENIED**.

## I. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its

orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted); *see also Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985) (The Court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020). While district courts are "under no obligation to address [Petitioner's] new arguments under the ambit of ensuring compliance with the earlier order," *Leonardo* 646 F.3d 1157 at 1161, the reviewing court must always bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

As a threshold matter, the Court waives the prudential exhaustion requirement in this case for habeas petitions seeking relief pursuant to 28 U.S.C § 2241. *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 (2006); *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion for enforcement motion

challenging the legality of a bond hearing because of irreparable harm from prolonging the petitioner's already lengthy detention); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (excusing exhaustion despite the petitioner not making "an explicit showing" of an excuse in the motion to enforce, because the court had previously found ongoing irreparable harm in its previous order). Such a waiver, however, does not expand the narrow scope of the Court's review: the Court will only determine whether the bond hearing was constitutionally adequate as required by its prior order, and not delve into areas of discretionary decisions made by the IJ. *See, infra*, Legal Standard.

**B. Adequacy of the Bond Hearing**

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the July 22, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order or that the IJ abused his discretion in such a way as to violate Petitioner's due process rights. Petitioner contends that, although the hearing occurred, IJ's ruling denying bond failed to comply with the Court's Order because the IJ (1) failed to apply the correct legal standard by not holding Respondents to their burden of proof, (2) failed to meaningfully consider evidence favorable to Petitioner, and (3) relied on "speculation rather than individualized findings." (Doc. 14 at 9-12.)

The Court's prior order required the government to provide Petitioner with an individualized bond hearing before an immigration judge and notice of that individualized bond hearing. On July 22, 2026, well within the time prescribed by the Court, Petitioner appeared before an immigration judge with his attorney present, presented documentary evidence and testimony, including letters of support and documentation related to his two businesses, argued for release, and received an oral ruling denying bond. In short, the government provided the hearing as ordered.

With respect to the legal framework governing the hearing, the IJ explicitly acknowledged at the outset of the bond hearing and her written order that Respondents had the burden of proof to show by clear and convincing evidence that Petitioner poses a danger to the community or flight risk. (DAR at 03:24 – 03:29.) The Ninth Circuit has explained that if the immigration court

"expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

The Court finds no indication that "something is amiss" in either the IJ's oral or written decision. IJ's have broad discretion to consider a number of factors to determine whether the detainee merits release on bond. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include: fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. *Id*.

In assessing dangerousness, "[a]lthough an alien's criminal record is surely relevant to a bond assessment, *Guerr*a contemplates that criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011), abrogated on other grounds in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). Rather, IJ's must also consider the recency and severity of the offenses." *Id*. Furthermore, under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [Respondent's] conduct," *Matter of Siniauskas*, 27 I&N Dec. 207, 208-09 (BIA 2018), as well as "any unfavorable evidence of [his] conduct, including arrests that did not ultimately result in conviction." *Matter of Urena*, 25 I&N Dec. 140, 140 (BIA 2009). Here, the IJ applied the correct legal standard and considered proper factors in denying bond based on Petitioner's danger to the community. Specifically, the IJ considered Petitioner's recent arrest on suspicion of driving under the influence of alcohol, which the IJ considered an "exceedingly serious offense," as well as the fact that Petitioner did not meaningfully argue that he is factually innocent or provide any evidence related to rehabilitation. (Doc. 14 at 15-16.) The IJ also denied bond on the independent basis that Respondents had met their burden by clear and convincing evidence that Petitioner posed a flight risk, citing his recent entry into the country, his

violations of conditions of bond, and the speculative nature of his relief from removal. (Id. at 16-17.)

Petitioner's argument regarding the IJ's failure to consider materially favorable evidence also fails. The Ninth Circuit has explained that an IJ's failure to cite every piece of evidence in the record does not amount to clear error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000); *See Cole v. Holder*, 659 F.3d 762, 772 (holding that only "potentially dispositive testimony and documentary evidence" must be specifically addressed). "When nothing in the record or the [IJ's] decision indicates a failure to consider all the evidence," a court will rely on the agency's statement that it considered all the evidence before it. *See Cole*, 659 F.3d at 771. But when there is an indication that something is amiss, like if the [IJ] "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," courts do not credit its use of a "catchall phrase" to the contrary. *Id*. at 771-72. Here, Petitioner fails to demonstrate that "something is amiss" regarding the IJ's consideration of the evidence. *See Cole,* 659 F.3d at 771; *see also Perez v. Wolf*, 445 F. Supp. 3d 275, 291 (N.D. Cal. 2020) (finding that "inherent in the IJ's order is a conclusion that the Petitioner's evidence was not as convincing as the Government's evidence").

Lastly, to the extent that Petitioner challenges the IJ's dangerousness assessment as "speculative" in light of Petitioner's claims that the IJ's determination was based solely on arrests that have not yet resulted in criminal charges, the Court lacks the ability to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). Complaints about the IJ's weighing of specific pieces of evidence and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process. *See Valenzuela v. Semaia*, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue."). Therefore, the IJ's decision denying bond was not an abuse of discretion, and there is no legal basis for the Court to find that

Respondents failed to comply with its Order.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to reopen habeas proceedings enforce the Court's earlier order (Doc. 14) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: September 10, 2026

UNITED STATES DISTRICT JUDGE